IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TISHANAH IWALANI KAIO-BARROZA,<br><br>    Plaintiff,<br><br>vs.<br><br>WARDEN ESTELA DERR,<br><br>    Defendant. | CIV. NO. 23-00029 JMS-KJM<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

        On January 23, 2023, pro se Plaintiff Tishanah Iwalani Kaio-Barroza ("Kaio-Barroza") filed a "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2241 Seeking an Order Directing The Bureau of Prisons ('BOP') to Apply First Step Act ('FSA') Earned Time Credit ('ETC')," ECF No. 1 ("§ 2241 Petition"). On March 1, 2023, the government responded to the § 2241 Petition, asserting that it should be dismissed because Kaio-Barroza was released from BOP custody on February 13, 2023, after the BOP applied the First Step Act Earned Time Credits. ECF No. 6; *see also* ECF No. 5.

        On March 2, 2023, the court issued an entering order directing Kaio-Barroza to file, by March 16, 2023, a: (1) Notice of Change of Address that complies with LR83.1(e); and (2) a written response informing the court whether

she intends to proceed with her Habeas Petition, and if so, why. ECF No. 7. The court also informed Plaintiff that failure to comply with the court's instructions by March 16, 2023, will result in automatic dismissal of this action without prejudice. *Id*.

The court obtained Kaio-Barroza's post-BOP-custody address through the U.S. Probation Office and sent ECF Nos. 4 (entering order directing the government to file an answer to the § 2241 Petition), 6, and 7 via First Class Mail to Kaio-Barroza. It appears that she received ECF Nos. 4, 6, and 7 because they were not returned to the court as not deliverable. Plaintiff, however, failed to file an LR83.1(e) Notice of Change of Address and a written response informing the court whether she intends to proceed with her § 2241 Petition, as instructed. Accordingly, for the following reasons, the court DISMISSES the action.

A district court may dismiss sua sponte an action for failure to comply with court rules or orders or to prosecute the action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether dismissal is appropriate, district courts consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less

drastic alternatives. *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

Weighing the relevant factors, the court finds dismissal of this action is appropriate. The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the court's need to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Also, there are currently no less drastic alternatives available. The court recognizes that the public policy favoring disposition of cases on their merits weighs against dismissal, as does the lack of risk of prejudice to Defendant, who has already applied First Step Act Earned Time Credits to release Kaio-Barozza. Nevertheless, considering the totality of the circumstances and because the other factors favor dismissal, these two factors are outweighed.

Accordingly, this action is DISMISSED without prejudice pursuant to Rule 41(b) due to Plaintiff's failure to prosecute and failure to comply with court orders. The Clerk of Court is DIRECTED to close the case file.

IT IS SO ORDERED.
DATED: Honolulu, Hawaii, March 21, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Kaio-Barroza v. Derr*, Civ. No. 23-00029 JMS-KJM, Order Dismissing Action